# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| )  | |
| Plaintiff,  ) | |
| )  | |
| v.  ) | No. 20-cr-10038-STA-jay |
| )  | |
| RONALD SOLOMON,  ) | |
| )  | |
| Defendant.  ) | |

---

## ORDER
---

Before the Court are several filings titled "Notice" filed by Defendant Ronald Solomon. (ECF Nos. 352, 354, 356.) Although styled as "notices," Solomon identifies the filings as motions. The Court notes that Solomon is represented by counsel and that, after a hearing held on February 1, 2021, the Court denied Solomon's motion to dismiss counsel and appoint substitute counsel. (ECF No. 355.) The Court will not consider any further such filings submitted *pro se* by Solomon while he is represented by counsel.

Sixth Circuit caselaw is clear that a criminal defendant does not have a constitutional right to "hybrid representation." *United States v. Mosely,* 810 F.2d 93, 98 (6th Cir.1987). A defendant has a constitutional right to be represented by counsel *or* to represent himself during his criminal proceedings, but not both. *Id.* at 97 (citing *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)). The Sixth Circuit explained: "The right to defend *pro se* and the right to counsel have been aptly described as two faces of the same coin, in that waiver of one constitutes a correlative assertion of the other." *Id.* at 97–98 (quoting *United States v. Conder,* 423 F.2d 904, 908 (6th Cir.1970)) (internal quotation marks omitted). Hybrid

representation is generally prohibited because it increases the risk of undue delay, jury confusion, and conflicts as to trial strategy. *Id.* at 98. When counsel has "performed in a highly competent and professional manner" and the defendant has been "given ample time to consult with his counsel over strategy," it is not an abuse of a court's discretion to prohibit hybrid representation. *Id.; Miller v. United States*, 561 F. App'x 485, 488–89 (6th Cir. 2014).

Here, the Court has recently addressed Solomon's complaints about his representation and found them to be without merit. Because Solomon's *pro se* "notices" serve only to unduly delay the administration of justice and produce conflicts that may be injurious to his defense, the Court admonishes Solomon to only file pleadings through his attorney. Solomon is reminded that his trial date is set for May 17, 2021 and that it is in his best interest to cooperate with his attorney moving forward.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: March 4, 2021.