IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | No. 20-cr-10038-STA |
| ) | |
| RONALD SOLOMON,  ) | |
| ) | |
| Defendant.  ) | |

### ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS

Before the Court is Defendant Ronald Solomon's Amended Motion to Suppress Evidence (ECF No. 388) filed on April 12, 2021. The United States of America has responded in opposition. For the reasons set forth below, Defendant's Motion is **DENIED**.

Solomon's motion targets a firearm that was recovered from a search of his home pursuant to a search warrant executed on May 26, 2020. The Court notes that Solomon has filed a very similar motion to suppress evidence of the firearm (ECF No. 289) which the Court subsequently denied (ECF No. 331.) Solomon renews his argument that the firearms should be suppressed because the affidavit submitted in support of the search warrant did not establish probable cause to search Solomon's home. Specifically, Solomon avers that the informant referenced in the affidavit was under the influence of methamphetamine when he spoke to officers about Solomon; that the wiretap conversations referenced in the affidavit were too vague to support a search of Solomon's home; and that the referenced pole camera footage, while perhaps establishing probable cause that Solomon was engaged in drug transactions, did not establish probable cause to search his home.

1

Solomon's arguments are unavailing. The Court incorporates the analysis set forth in its January 26, 2021 order, finding that the magistrate judge did not err in determining that agents had probable cause to believe that they would find drugs in Solomon's residence. First, with regard to the statement provided by co-defendant Draper Lee to defense counsel, the Court is unable to consider it for purposes of determining whether the affidavit established probable cause. As Solomon himself notes in his motion, the Court is constrained to the four corners of the affidavit. *See United States v. Brooks*, 594 F.3d 488, 492 (6th Cir. 2010) ("When determining whether an affidavit establishes probable cause, [the reviewing Court] looks only to the four corners of the affidavit; information known to the officer but not conveyed to the magistrate is irrelevant.") (Citations omitted.) Lee's statement, newly proffered almost a year after the execution of the search warrant, that he was under the influence of methamphetamine when he was interviewed by federal agents is therefore irrelevant. The search warrant affidavit does not allude to Lee being under the influence of methamphetamine and it is not even established that such information was known to the agents who interviewed him. Further, the Court notes that Lee was lucid enough to provide specific details to the agents, including precise quantities of methamphetamine purchased from a co-defendant and the prices paid thereof.

Second, Solomon takes exception with the pole camera footage and wiretap conversations referenced in the affidavit. He specifically attacks the strength of such evidence – implying that they do not establish probable cause – and their nexus to Solomon's residence at 629 Butterworth Avenue. Whether an affidavit establishes "a fair probability" that contraband or evidence of a crime will be found in a particular place such that there is probable cause "depends on the totality of the circumstances." *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir.2005) (citing *Illinois v. Gates*, 462 U.S. 213, 236, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983))). When search of a specific

location is sought, the affidavit must establish "a nexus between the place to be searched and the evidence to be sought." *United States v. Carpenter,* 360 F.3d 591, 594 (6th Cir.2004). "The critical element in a reasonable search is not that the owner of property is suspected of crime but that there is reasonable cause to believe that the specific things to be searched for and seized are located on the property to which entry is sought." *Frazier,* 423 F.3d at 532 (quoting *Zurcher v. Stanford Daily,* 436 U.S. 547, 556, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978)).

Preliminarily, the Court does not accept Solomon's arguments attacking the strength of the pole camera and wiretap evidence. It also does not rely exclusively on that evidence in finding probable cause. Rather, the Court finds that the totality of the circumstances established in the twenty-page affidavit suggests a fair probability that contraband was to be found in Solomon's residence. Regarding, the pole camera footage, Solomon's motion states: "Mr. Solomon did nothing and was unnamed. Mr. Middlebrook may have engaged in transactions – but the transactions were outside the home." Of course, the affidavit did not have to mention Solomon. What is required is a nexus between the contraband searched for, in this case evidence of drug transactions, and the property to be searched. Because Solomon resides in the target property, evidence of his own drug activity may contribute to establishing probable cause, but it is not necessary. The affidavit states that law enforcement conducted surveillance at the target premises through physical surveillance and the use of a pole camera. (ECF No. 388-2 ¶ 23.) Through that surveillance, law enforcement observed multiple vehicles arriving at the residence for a short duration and departing. (*Id.*) Middlebrook, the main co-defendant, was seen arriving at the residence, staying for a short time, and leaving the residence to meet with people for brief intervals at a parking lot across the street. The affiant agent affirmed that such activity is consistent with drug transactions. (*Id.*) That evidence alone may have been sufficient to establish a nexus between

3

the drug activity and the residence. *See United States v. Ellison,* 632 F.3d 347, 349 (6th Cir.2011) ("Commission of a drug transaction outside of a house and one participant's walking back into the house ... plainly demonstrate[s] a sufficient nexus with the house.") The fact that Solomon was not visibly carrying a firearm is immaterial. *See United States v. Chapman,* 112 Fed.Appx. 469, 472 (6th Cir.2004) ("[F]irearms are often used by narcotics traffickers for protection, and people generally store their firearms at home.") Given that agents had evidence to suggest that Middlebrook was selling drugs in part out of Solomon's house, it was reasonable for agents to believe that the house contained evidence of drug and firearm offenses. That belief was further corroborated by Lee, a named informant, who advised interviewing agents that he had retrieved methamphetamine from Solomon's mailbox and had further seen Solomon accompany Middlebrook on several methamphetamine deliveries. (*Id.* ¶ 22.) Moreover, the Court does not find that the wiretap calls are vague. If they are vague to the casual observer, it is because coded language is used throughout. Indeed, the fact that Solomon uses coded language, an anti-surveillance tactic, to refer to his participation in the instant drug trafficking conspiracy and especially the fact that methamphetamine was being stored in his residence, contributes to establishing probable cause for the search warrant. Solomon fails to refute the affiant's interpretation of the messages by, for instance, offering an alternative to the agent's conclusion that Solomon explicitly referenced carrying a firearm during a drug transaction or the several references to storing drugs in his residence. *See United States v. Rodriguez–Suazo,* 346 F.3d 637, 644 (6th Cir.2003) (citation omitted) (internal quotation marks omitted) ("The issuing judge or magistrate may give considerable weight to the conclusion of experienced law enforcement officers regarding where evidence of a crime is likely to be found and is entitled to draw reasonable inferences about where evidence is likely to be kept."). In reviewing a magistrate's decision to

issue a warrant, the Court must accord the magistrate's determination "great deference." *United States v. Allen,* 211 F.3d 970, 973 (6th Cir.2000).  The Court sees no reason in this case to disturb the magistrate judge's finding of probable cause.  The totality of the circumstances, including Lee's statement, physical and pole camera surveillance, and wiretap conversations, suggests a fair probability that contraband was to be found in Solomon's residence.

Finally, this Court need not consider the good faith exception's applicability in this case. Sixth Circuit precedent clearly establishes that the good faith exception to the exclusionary rule (*see generally United States v. Leon*, 468 U.S. 897, 924 (1984)) is inapplicable to improperly issued Title III warrants.  *United States v. Rice*, 478 F.3d 704 (6th Cir. 2007).  Here, the Court finds that the instant search warrant was based on substantial probable cause.  Therefore, the exclusionary rule and the good-faith exception are immaterial.  For the above reasons, Solomon's Amended Motion to Suppress Evidence (ECF No. 388) is **DENIED**.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT COURT JUDGE

Date:  May 19, 2021.